Mimi **ROGERS**, Plaintiff,

v.

**HOME SHOPPING NETWORK, INC.,
etc.; et al., Defendants.**

No. CV98–6326DDP(BQRx).

United States District Court,
C.D. California.

July 22, 1999.

## ORDER GRANTING PLAINTIFF ROGERS'S APPLICATION TO CONTINUE DEFENDANT NATIONAL ENQUIRER'S SPECIAL MOTION TO STRIKE

PREGERSON, District Judge.

Plaintiff Mimi Rogers has brought a libel action against defendants. Defendant National Enquirer has filed a special motion to strike Rogers's complaint pursuant to California Code of Civil Procedure § 425.16. Rogers has made an ex parte application to continue the hearing on the special motion so that she can pursue discovery. Early consideration of National Enquirer's motion would contradict the scheme of the Federal Rules of Civil Procedure and therefore run afoul of the *Erie* doctrine. The Court therefore grants Rogers's application.

### I. Background

On June 2, 1998, National Enquirer published an article containing certain statements about Rogers. (Compl. at ¶ 13.) Rogers brought a libel action against the Home Shopping Network and National Enquirer, alleging that both defendants knew the statements in the article were false.

National Enquirer filed a special motion to strike pursuant to California Code of Civil Procedure § 425.16. Under § 425.16, Rogers must show "a probability that [she] will prevail on the claim." *Id.* at § 425.16(b)(1). Otherwise, the section provides that her claim must be dismissed. *Id.*

Rogers has filed an ex parte application seeking to continue consideration of the special motion. Rogers argues that she is unable to produce the proof required by § 425.16 because she has not had sufficient time for discovery. (Ex Parte Appl. at 5.) National Enquirer responds that a hearing before discovery is precisely the point of § 425.16 and delaying the hearing would frustrate the purposes of that section. (Opp. to Ex Parte Appl. at 2–3.) Thus, the Court must consider the appropriateness of holding a § 425.16 hearing before discovery.

### II. Discussion

#### A. The statute

In 1992, the California Legislature enacted a provision commonly known as an "anti-SLAPP suit" statute. "The term 'SLAPP suit,' the acronym for 'strategic lawsuit against public participation,' was coined by two University of Denver professors, George W. Pring and Penelope Canan, who authored the seminal influential studies on this phenomenon." *Briggs v. Eden Council for Hope and Opportunity,* 19 Cal.4th 1106, 81 Cal.Rptr.2d 471, 483, 969 P.2d 564 (1999).

SLAPP suits are often brought for "'purely political purposes'" in order "to obtain an economic advantage over the defendant, not to vindicate a legally cognizable right of the plaintiff." *Id.* (quoting *Hull v. Rossi,* 13 Cal.App.4th 1763, 17 Cal.Rptr.2d 457, 461 (1993), and *Wilcox v. Superior Ct. (Peters),* 27 Cal.App.4th 809, 33 Cal.Rptr.2d 446, 450 (1994), respectively). To summarize, "while SLAPP suits 'masquerade as ordinary lawsuits' the conceptual features which reveal them as SLAPPs are that they are generally meritless suits brought by large private interests to deter common citizens from exercising their political or legal rights or to punish them for doing so." *Wilcox,* 33 Cal.Rptr.2d at 450 (quoting Pring, SLAPPs: Strategic Lawsuits Against Public Participation, 7 *Pace Envt'l L.Rev.,* 3, 5–6, 9 (1989)).

The California Legislature found that such suits were being used to harass plain-

tiffs who spoke out on matters of public concern and often could not afford to defend even a meritless suit. *See Briggs*, 81 Cal.Rptr.2d at 479–80, 969 P.2d 564 (discussing legislative intent of § 425.16); Cal. Civ.Proc.Code 425:16(a).

As it appears today, the statute begins by noting the legislative intent behind its enactment:

> (a) The Legislature finds and declares that there has been a disturbing increase in lawsuits brought primarily to chill the valid exercise of the constitutional rights of freedom of speech and petition for the redress of grievances. The Legislature finds and declares that it is in the public interest to encourage continued participation in matters of public significance, and that this participation should not be chilled through abuse of the judicial process. To this end, this section shall be construed broadly.

Cal.Civ.Proc.Code § 425.16.

To prevent such chilling, the Legislature created a special procedure for early testing of the validity of suits involving such rights:

> (b)(1) A cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States or California Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim.
>
> (2) In making its determination, the court shall consider the pleadings, and supporting and opposing affidavits stating the facts upon which the liability or defense is based.
>
> (3) If the court determines that the plaintiff has established a probability that he or she will prevail on the claim, neither that determination nor the fact of that determination shall be admissible in evidence at any later stage of the case, and no burden of proof or degree of proof otherwise applicable shall be affected by that determination.

*Id.*

As an additional safeguard, the Legislature provided that a successful defendant may recover his or her expenses in bringing the special motion:

> (c) In any action subject to subdivision (b), a prevailing defendant on a special motion to strike shall be entitled to recover his or her attorney's fees and costs. If the court finds that a special motion to strike is frivolous or is solely intended to cause unnecessary delay, the court shall award costs and reasonable attorney's fees to a plaintiff prevailing on the motion, pursuant to Section 128.5.

*Id.*

The Legislature then defined the activities that enjoy the special protections provided by this statute:

> (e) As used in this section, "act in furtherance of a person's right of petition or free speech under the United States or California Constitution in connection with a public issue" includes: (1) any written or oral statement or writing made before a legislative, executive, or judicial proceeding, or any other official proceeding authorized by law; (2) any written or oral statement or writing made in connection with an issue under consideration or review by a legislative, executive, or judicial body, or any other official proceeding authorized by law; (3) any written or oral statement or writing made in a place open to the public or a public forum in connection with an issue of public interest; (4) or any other conduct in furtherance of the exercise of the constitutional right of petition or the constitutional right of free speech in connection with a public issue or an issue of public interest.

*Id.*

Consistent with its intent to protect defendants from incurring legal expenses,

the Legislature provided that the special motion to strike may be brought early in the lawsuit and that discovery ordinarily may not proceed unless and until the court finds that the suit has a probability of success:

> (f) The special motion may be filed within 60 days of the service of the complaint or, in the court's discretion, at any later time upon terms it deems proper. The motion shall be noticed for hearing not more than 30 days after service unless the docket conditions of the court require a later hearing.

> (g) All discovery proceedings in the action shall be stayed upon the filing of a notice of motion made pursuant to this section. The stay of discovery shall remain in effect until notice of entry of the order ruling on the motion. The court, on noticed motion and for good cause shown, may order that specified discovery be conducted notwithstanding this subdivision.

*Id.*

Thus, the California Legislature created new protections for defendants in suits related to public participation. The protections consist of a mechanism for early testing of the plaintiff's claims and an award of costs and fees to a successful defendant.

### B. Application of the statute by California courts

While the anti-SLAPP statute is still fairly new, it has frequently been invoked and certain aspects of its application have become clear.

Although "[t]he typical SLAPP suit involves citizens opposed to a particular real estate development," *Dixon v. Superior Ct. (Scientific Resource Surveys, Inc.)*, 30 Cal. App.4th 733, 36 Cal.Rptr.2d 687, 693 (1994) (footnote omitted), § 425.16 is not limited to claims regarding any particular subject. Instead, as the statute makes clear, it applies to a suit based on any statement as part of or in connection with an official proceeding, any statement made in a public forum on a matter of public interest, or any "conduct in furtherance of the exercise of the constitutional right ... of free speech in connection with a public issue or an issue of public interest." Cal.Civ.Proc. Code § 425.16(e); *see also Sipple v. Foundation for Nat'l Progress*, 71 Cal.App.4th 226, 83 Cal.Rptr.2d 677, 682–83 (1999) (discussing breadth of subjects covered by anti-SLAPP statute).

■ A special motion to strike can be based on any defect in the plaintiff's action. Thus, a special motion may be premised on legal deficiencies inherent in the plaintiff's claim, analogous to a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See e.g., Wilcox*, 33 Cal. Rptr.2d at 457 (motion to strike based on pleading deficiencies). Or, a motion may assume that the plaintiff has stated a claim but assert that the plaintiff cannot support that claim with evidence, analogous to a motion for summary judgment under Federal Rule of Civil Procedure 56. *See, e.g., Sipple*, 83 Cal.Rptr.2d at 690 (plaintiff sufficiently stated claim but motion to strike successful because plaintiff could not support claim with evidence); *Church of Scientology v. Wollersheim*, 42 Cal.App.4th 628, 49 Cal.Rptr.2d 620, 637–38 (1996) (same).

■ On a special motion to strike, "[t]he moving party bears the initial burden of establishing a prima facie showing [that] the plaintiff's cause of action arises from the defendant's free speech or petition activity." *Id.* at 630; *see also Wilcox*, 33 Cal.Rptr.2d at 452. "Once the party moving to strike the complaint makes that threshold showing, the burden shifts to the responding plaintiff to establish a probability of prevailing at trial." *Dove Audio, Inc. v. Rosenfeld, Meyer & Susman*, 47 Cal.App.4th 777, 54 Cal.Rptr.2d 830, 835 (1996).

■ The plaintiff can meet this evidence only by showing " 'a probability that the plaintiff will prevail on the claim,' i.e.,

'mak[ing] a prima facie showing of facts which would, if proved at trial, support a judgment in plaintiff's favor.'" *Church of Scientology*, 49 Cal.Rptr.2d at 630–31 (quoting *Wilcox*, 33 Cal.Rptr.2d at 446). While "the pleadings frame the issues to be decided," *Church of Scientology*, 49 Cal. Rptr.2d at 636, the "assessment of the probability of prevailing on the claim looks to trial, and the evidence that will be presented at that time," *Evans v. Unkow*, 38 Cal.App.4th 1490, 45 Cal.Rptr.2d 624, 628 (1995). Therefore, the evidence upon which the plaintiff bases his or her response must be admissible at trial. *See Beilenson v. Superior Ct. (Sybert)*, 44 Cal. App.4th 944, 52 Cal.Rptr.2d 357, 362 (1996) (declaration not signed under penalty of perjury insufficient to sustain plaintiff's burden); *Evans*, 45 Cal.Rptr.2d at 629 (averments on information and belief insufficient to sustain burden).

The California courts that have addressed the issue have all agreed that § 425.16 does not substantively alter any cause of action. Instead, § 425.16 is "a mere rule of procedure," *Ludwig v. Superior Ct. (Barstow)*, 37 Cal.App.4th 8, 43 Cal.Rptr.2d 350, 360 (1995), which "does not change the legal effect of past conduct," *Robertson v. Rodriguez*, 36 Cal. App.4th 347, 42 Cal.Rptr.2d 464, 469 (1995) (applying § 425.16 to acts occurring before the statute's enactment).

This "rule of procedure" provides that discovery is automatically stayed upon the defendant's filing of a special motion to strike. Cal.Civ.Proc.Code § 425.16(g). A plaintiff who desires to conduct further discovery after the defendant files a special motion must file a noticed motion for permission to conduct such discovery, which the court will grant only for good cause shown and only for specified discov-

ery. *Id.* These requirements have been strictly applied by California courts. *See, e.g., Sipple*, 83 Cal.Rptr.2d at 690 (denial of further discovery proper when plaintiff did not "explain what additional facts he expects to uncover, or why such far-ranging discovery is necessary to carry his burden"); *Evans*, 45 Cal.Rptr.2d at 630 (denial of discovery proper when plaintiff requested discovery but failed to do so by noticed motion).

### C. Section 425.16 applies in federal court

The *Erie* doctrine provides that in diversity actions state law controls substantive issues while federal rules provide the procedure. *See Erie R. Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938); *see generally* 19 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice & Procedure*, §§ 4501, et seq. (2d ed.1996). Like most rules, however, the *Erie* doctrine is not without exception.

The Ninth Circuit Court of Appeals recently held that § 425.16 falls within one of *Erie*'s exceptions. In *United States v. Lockheed Missiles & Space Co.*, 171 F.3d 1208, 1218 (9th Cir.1999), the only Ninth Circuit authority on this matter,[1] the court held that at least subsections (b) and (c) of § 425.16 apply in federal court in a diversity case. The precise scope of *Lockheed* is important to the matter presently before the Court, therefore the Court will discuss it in detail.

In *Lockheed*, two qui tam relators under the False Claims Act, 31 U.S.C. §§ 3729, et seq., claimed that Lockheed had defrauded the government. *Lockheed*, 171 F.3d at 1211–12. Lockheed counterclaimed, alleging that by pursuing the qui tam action the relators had breached fidu-

---

1. Only one other Ninth Circuit order mentions § 425.16, an unpublished memorandum in *Frias v. Los Angeles County Metro. Transp. Auth.*, No. 97–56078, 1999 WL 273152 (9th Cir. March 11, 1999) (Mem.). In that case, the Ninth Circuit granted a motion to dismiss pursuant to Rule 12(b)(6) and then affirmed an award of attorney's fees pursuant to § 425.16. The issue of the applicability of § 425.16 was not raised in that case and the Ninth Circuit did not address it. As seen from the discussion of *Lockheed*, the application of § 425.16 in *Lockheed* and *Frias* is the same.

ciary, contractual, and statutory duties to Lockheed, their employer. *Id.* at 1212. The relators moved to dismiss the counterclaims pursuant to Federal Rule of Civil Procedure 12(b)(6) and moved to strike pursuant to California Civil Procedure Code § 425.16. *Lockheed,* 171 F.3d at 1212; *see also United States v. Lockheed Missiles & Space Co. Inc.,* No. C 88–20009 JW, 1995 WL 470218, at *1–2 (N.D.Cal. Aug. 2, 1995) ("*Lockheed I* "). The district court granted the motion to dismiss but denied the motion to strike, holding that "the California Anti–Slapp statute conflicts directly with Rules 8, 12 and 56 of the Federal Rules." *Lockheed I,* 1995 WL 470218, at *2.

Both parties appealed the district court decision to the Ninth Circuit. Although the appeal raised various issues, only the Ninth Circuit's discussion of § 425.16 is relevant here.

The Ninth Circuit began by discussing the legislative history of California's anti-SLAPP statutes and then outlined some of the provisions of § 425.16. *Lockheed,* 171 F.3d at 1215. Specifically, the Ninth Circuit discussed the subsections of § 425.16 that provide for the special motion to strike, the plaintiff's obligation to show a probability of success, and the availability of attorney's fees to a party that successfully moves to strike. *Lockheed,* 171 F.3d at 1216 (discussing Cal.Civ.Proc.Code § 425.16(b), (c)). The Ninth Circuit noted that the question of whether these subsections apply in federal diversity cases was one of first impression. *Id.*

To answer this question, the Ninth Circuit began "by asking whether such an application would result in a 'direct collision' with the Federal Rules." *Id.,* 171 F.3d at 1217 (quoting *Walker v. Armco Steel Corp.,* 446 U.S. 740, 749–50, 100 S.Ct. 1978, 64 L.Ed.2d 659 (1980)). Pointing out that "[o]nly two aspects of California's Anti–SLAPP statute are at issue: the special motion to strike and the availability of fees and costs," the Ninth Circuit concluded "that these provisions and Rules 8, 12,

and 56 'can exist side by side ... each controlling its own intended sphere of coverage without conflict.' " *Id.* (citations omitted, other omissions in original) (quoting *Walker,* 446 U.S. at 752, 100 S.Ct. 1978). To illustrate, "[a] qui tam plaintiff, for example, after being served in federal court with counterclaims ... may bring a special motion to strike pursuant to § 425.16(b). If successful, the litigant may be entitled to fees pursuant to § 425.16(c). If unsuccessful, the litigant remains free to bring a Rule 12 motion to dismiss, or a Rule 56 motion for summary judgment." *Id.* "In summary, there is no 'direct collision' here." *Id.*

"In the absence of a 'direct collision,' " the Ninth Circuit stated that it must "make the 'typical, relatively unguided *Erie* choice.' " *Id.* at 1218 (quoting *Hanna v. Plumer,* 380 U.S. 460, 471, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965)). The Ninth Circuit noted that Lockheed had not identified any federal interests that would be undermined by application of the anti-SLAPP provisions in diversity cases and that California has a strong interest in such application. *Id.* In addition, the Ninth Circuit noted that "the twin purposes of the *Erie* rule—'discouragement of forum shopping and avoidance of inequitable administration of the law'—favor application of California's Anti–SLAPP statute in federal cases." *Id.* (quoting *Hanna,* 380 U.S. at 468, 85 S.Ct. 1136). If the anti-SLAPP provisions were not to apply in federal court, "a litigant interested in bringing meritless SLAPP claims would have a significant incentive to shop for a federal forum" and a "litigant otherwise entitled to the protections of the Anti–SLAPP statute would find considerable disadvantage in a federal proceeding." *Id.* In light of these considerations, the Ninth Circuit held that "subsections (b) and (c) of California's Anti–SLAPP statute" apply in federal court in diversity cases. *Id.* However, the Ninth Circuit "express[ed] no opinion regarding the applicability of any other pro-

visions of Cal. Civ. P.Code § 425.16 in federal court." *Id.* at 1217 n. 12.

### D. The manner in which § 425.16 must be applied in federal court

While *Lockheed* concluded that some portions of § 425.16 apply in federal court, it did not address the precise methods and limits of its application. Lockheed considered only two provisions of § 425.16, subsections (b) and (c), and held that they are to be applied in federal court because they do not conflict with the federal rules. Subsection (b) provides the general availability of the special motion to strike and subsection (c) provides for awards of attorney's fees. *See* Cal.Civ.Proc.Code § 425.16(b), (c). As noted earlier, however, *Lockheed* "express[ed] no opinion regarding the applicability of any other provisions" of § 425.16. *Lockheed,* 171 F.3d at 1217 n. 12. In the present case, the Court must consider the application of other provisions of § 425.16, especially subsections (f) and (g), relating to the timing of the special motion and the availability of discovery.

To determine the appropriate method of applying § 425.16 in federal court, the Court will consider each of the section's provisions and determine whether it is in "direct collision" with the Federal Rules. *See Walker,* 446 U.S. at 749–50, 100 S.Ct. 1978. If a provision collides with a Federal Rule, it cannot apply in federal court. If a provision does not collide with the Federal Rules, the Court must make a balancing judgment to determine whether that provision applies in federal court. *See Hanna,* 380 U.S. at 471, 85 S.Ct. 1136. The Court will address in order each subsection of § 425.16.

The first subsection of § 425.16 is a preamble declaring the Legislature's intent in enacting the statute. *See* Cal.Civ. Proc.Code § 425.16(a). This subsection also declares that § 425.16 "shall be construed broadly." *Id.* Because this subsection contains no substantive provisions, it does not conflict with any Federal Rule.

Subsection (b)(1) provides for the availability of the special motion to strike and requires the defendant to show "a probability" of success on the merits in order to survive the motion; subsection (b)(2) set out the scope of the evidence upon which the court decides the motion; and subsection (b)(3) provides that the finding of a probability of success is not admissible at any later stage of the case and does not alter any burden of proof. *See* Cal.Civ. Proc.Code § 425.16(b).

Subsection (c) provides that the court shall award attorney's fees to a party bringing a successful motion to strike or to a plaintiff forced to defend a frivolous motion to strike. Cal.Civ.Proc.Code § 425.16(c). As discussed earlier, the Ninth Circuit has held that subsections (b) and (c) apply in federal court. *See Lockheed,* 171 F.3d at 1218.

Subsection (d) provides that the special motion to strike may not be used against an action brought by a public prosecutor in the name of the people of the state of California. Cal.Civ.Proc.Code § 425.16(d). Restricting the availability of a state created special motion to strike does not conflict with any Federal Rule.

Subsection (e) defines the activities that receive the protections of special motion to strike. Cal. Civ.Code § 423.16(e). Because subsection (e) merely explains a phrase used in subsection (b) and because the Ninth Circuit has held that subsection (b) applies in federal court, subsection (e) must apply in federal court as well. In addition, because subsection (e) only defines the scope of the application of the special motion, it does not conflict with any federal rule.

While the previous subsections were dealt with easily, subsections (f) and (g) require more detailed consideration. Because these subsections affect each other, they must be considered together.

Subsection (f) provides that the special motion may be filed within sixty days of

the filing of the complaint or, at the court's discretion, at any later date. The subsection also provides that "[t]he motion shall be noticed for hearing not more than 30 days after service unless the docket conditions of the court require a later hearing." Cal.Civ.Proc.Code § 425.16(f). Subsection (g) provides that the filing of a special motion automatically stays all further discovery until the court rules on the motion. However, "[t]he court, on noticed motion and for good cause shown, may order that specified discovery be conducted notwithstanding this subdivision." Cal.Civ.Proc. Code § 425.16(g).

Taken together, subdivisions (f) and (g) allow the defendant to file a special motion to strike immediately upon being served with the complaint. This filing automatically stays all further discovery. Should the plaintiff desire further discovery, he or she must file a noticed motion showing good cause and the court "may" permit "specified discovery."

Thus, subdivisions (f) and (g) create a default rule that allows the defendant served with a complaint to immediately put the plaintiff to his or her proof before the plaintiff can conduct discovery. Only by noticed motion for and good cause shown will a court disturb this default rule by continuing the hearing regarding the special motion and even then the court will only allow "specified" discovery.[2] If this expedited procedure were used in federal court to test the plaintiff's evidence before the plaintiff has completed discovery, it would collide with Federal Rule of Civil Procedure 56.

To show how subdivisions (f) and (g) collide with Rule 56, the Court must first consider the standard under which a determination of the "probability" of success is made under § 425.16. As discussed earlier, a special motion to strike may be premised

entirely on legal arguments. *Lockheed,* for example, was such a case. In *Lockheed,* the qui tam relators attacked Lockheed's counterclaims by way of two motions, a § 425.16 special motion to strike and Rule 12(b)(6) motion to dismiss for failure to state a claim. *Lockheed,* 171 F.3d at 1216–17; *Lockheed I,* 1995 WL 470218, at *1. Because a Rule 12(b)(6) motion does not consider matters outside the pleadings, the motion can only test legal issues and not matters of fact. *See San Pedro Hotel Co. v. Los Angeles,* 159 F.3d 470, 477 (9th Cir.1998); Fed.R.Civ.P. 12(b); *see also* Schwarzer, et al., *California Practice Guide: Federal Civil Procedure Before Trial,* ¶ 9:211. The district court granted the 12(b)(6) motion, dismissed the counterclaims, and then noted that "[b]ecause Lockheed's counterclaims have been dismissed, Lockheed cannot show that it has a probability of prevailing on the counterclaims" as required under § 425.16. *See Lockheed I,* 1995 WL 470218, at *1. Thus, the application of § 425.16 in *Lockheed* was based only on legal arguments, analogous to a Rule 12(b)(6) motion.

However, § 425.16 is not limited to testing legal theories. As the statute provides, and as discussed earlier, a court presented with a special motion to strike must consider "supporting and opposing affidavits stating the facts upon which the liability or defense is based." Cal.Civ. Proc.Code § 425.16(b)(2). Indeed, most of the California state court opinions addressing § 425.16 concern issues of fact rather than legal arguments. *See, e.g., Beilenson,* 52 Cal.Rptr.2d at 362–63 (motion to strike granted because plaintiff failed to adequately establish elements of claim by admissible evidence); *Church of Scientology,* 49 Cal.Rptr.2d at 636 (same); *Matson v. Dvorak,* 40 Cal.App.4th 539, 46 Cal. Rptr.2d 880, 886–87 (1995) (same); *Robert-*

**2.** As noted earlier, California courts have strictly applied these requirements. *See, e.g., Sipple,* 83 Cal.Rptr.2d at 690 (denial of further discovery proper when plaintiff did not "explain what additional facts he expects to uncover, or why such far-ranging discovery is necessary to carry his burden"); *Evans,* 45 Cal.Rptr.2d at 630 (denial of discovery proper when plaintiff requested discovery but failed to do so by noticed motion).

*son*, 42 Cal.Rptr.2d at 469–70 (same). In all of these cases, the plaintiff stated a claim upon which relief could be granted and which would survive a Rule 12(b)(6) motion. However, the motions to strike were granted because the plaintiffs could not support their claims with adequate evidence. Thus, a special motion to strike can be used as a summary judgment motion.

As held in *Lockheed,* a special motion to strike premised on legal arguments, similar to a 12(b)(6) motion, is available in federal court. A special motion to strike premised on an alleged lack of evidence, similar to a summary judgment motion, is also available in federal court. However, the manner in which these motions are presented and considered must comport with federal standards.

Rule 56 permits a defending party to move for summary judgment. While summary judgment motions need not be based on evidence outside the pleadings, they are often based on affidavits and other evidence. *See* Fed.R.Civ.P. 56(c); Charles A. Wright, Arthur R. Miller & Mary Kay Kane, *supra,* § 2711, at p. 191 (3d ed.1998). The Federal Rules discourage motions for summary judgment based on evidence outside the record until the nonmoving party has had the opportunity to conduct discovery. Rule 56(f) provides that if the party opposing a motion for summary judgment cannot yet submit evidence supporting its opposition, "the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just." Fed.R.Civ.P. 56(f). The Supreme Court has restated this rule as requiring, rather than merely permitting, refusal "where the nonmoving party has not had the opportunity to discover information that is essential to his opposition." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250 n. 5, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

Because of the requirement that the nonmoving party be permitted to conduct necessary discovery, summary judgment is often considered inappropriate early in a case. *See, e.g., Redmond v. Burlington Northern R. Co. Pension Plan,* 821 F.2d 461, 469 (8th Cir.1987); Schwarzer, et al., *supra,* at ¶ 14:66. In addition, federal courts take into account difficulties that the nonmoving party may have in developing the evidence he requires to defend the motion. For example, if the information needed to defend the motion is in the moving party's control, as is generally the case when a plaintiff must prove malice, "most courts ... are lenient in granting further time for discovery ...." Wright, et al., *supra,* at § 2740, p. 409; *see also International Raw Materials, Ltd. v. Stauffer Chem. Co.,* 898 F.2d 946, 949 (3rd Cir.1990) ("[W]here the facts are in possession of the moving party a continuance ... should be granted almost as a matter of course."); Schwarzer, et al., *supra,* at ¶ 1466. This tendency toward leniency is strengthened when the summary judgment motion raises latent fact issues such as motive, intent, knowledge, or credibility and the moving party has exclusive control over those facts. Wright, et al., *supra,* § 2741, at p. 422; *cf. Hutchinson v. Proxmire,* 443 U.S. 111, 120 n. 9, 99 S.Ct. 2675, 61 L.Ed.2d 411 (1979) (noting that because malice implicates the defendant's state of mind, it "does not readily lend itself to summary disposition").

These rules comport with the purpose of Rule 56(f), which is "to provide an additional safeguard against an improvident or premature grant of summary judgment." Wright, et al., *supra,* at § 2740, p.402. Therefore, the provision permitting continuances "should be applied with a spirit of liberality." *Id.*

Thus, § 425.16 and Rule 56(f) have different objectives. Section 425.16 was designed to allow a party defending a SLAPP action to resolve the matter as early as possible, before extensive discovery is permitted. Rule 56(f), however, was designed to ensure that a nonmoving party will not be forced to defend a summary

judgment motion without having an opportunity to marshal supporting evidence. These divergent goals can produce directly conflicting outcomes.

For example, California courts have denied discovery under § 425.16 because the defendant failed to specify "what additional facts he expects to uncover . . . ." *Sipple*, 83 Cal.Rptr.2d at 690. Federal courts, however, have "allowed parties with no clear idea of what specific facts they hope to obtain to overcome a summary-judgment motion, at least temporarily." Wright, et al., *supra*, § 2740, at p. 399 & n. 5 (citing cases). These contradictory outcomes stem directly from the differences between § 425.16 and Rule 56(f): Section 425.16 limits discovery and makes further discovery an exception, rather than the rule. Rule 56 does not limit discovery. On the contrary, it ensures that adequate discovery will occur before summary judgment is considered.

■ Because the discovery-limiting aspects of § 425.16(f) and (g) collide with the discovery-allowing aspects of Rule 56, these aspects of subsections (f) and (g) cannot apply in federal court. When a state procedural rule conflicts with a Federal Rule of Civil Procedure, the Federal Rule generally controls. *See Walker*, 446 U.S. at 749–50, 100 S.Ct. 1978; *Hanna*, 380 U.S. 460, 85 S.Ct. 1136; 28 U.S.C. § 2072 (Rules Enabling Act); Wright, et al., *supra*, at § 4510. This is consistent with the analysis set out by the Ninth Circuit in *Lockheed*. *See id.*, 171 F.3d at 1217.[3]

As the Ninth Circuit held in *Lockheed*, simply bringing a special motion to strike in federal court does not create a conflict with the Federal Rules. However, this is true only if the federal court applies the usual federal standards regarding discovery and the timing of motions seeking judgments on the facts. In other words, if a defendant desires to make a special motion to strike based on the plaintiff's lack of evidence, the defendant may not do so until discovery has been developed sufficiently to permit summary judgment under Rule 56. Once the nonmoving party has been given the opportunity to conduct discovery, the special motion can be heard and attorney's fees will be available as provided in § 425.16(c). *See Lockheed*, 171 F.3d at 1217–18.

A correlative outcome is required regarding a special motion alleging legal deficiencies. By this, the Court refers to a motion that only identifies legal defects on the face of the pleading, analogous to a Rule 12(b)(6) motion to dismiss. *See, e.g., id.* at 1217 (addressing a legal-based special motion to strike). When a federal court is presented with this type of motion, it must decide the motion in a manner that complies with the standards set by Federal Rules 8 and 12. Among others, these standards include the requirements that the complaint be read liberally, *see, e.g., Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir.1995), that all well-pleaded allegations be taken as true, *see, e.g., NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir.1986), and that dismissal generally be with leave to amend, *see, e.g., Allen v. Beverly Hills*, 911 F.2d 367, 373 (9th Cir.1990).[4] Standards that

3. Two other aspects of subsection (f) do not conflict with any aspect of the federal rules. Subsection (f) permits a special motion to strike to be filed within sixty days of service of the complaint. Rule 56 permits a defendant to file a motion for summary judgment immediately upon service of the complaint. Fed. R.Civ.P. 56(b). Thus, these provisions do not conflict with each other.

Subsection (f) also requires that the hearing on a special motion to strike be held not later than thirty days after the motion is filed un-

less the court's docket requires a later hearing. Rule 56(c) requires that a summary judgment motion be served not later than ten days and the local rules that apply in any given district should be considered "docket conditions" that would justify a later hearing. Thus, subsection (f) effects no substantive change from the usual procedures pursuant to the Federal Rules.

4. Regarding these issues, § 425.16 does not necessarily require standards different from the Federal Rules. However, based on the

put a more onerous burden on the non-moving party would conflict with Rules 8 and 12. Therefore, they cannot apply in federal court. *Cf.*, Wright, et al., *supra*, § 1245, at p. 309–10 (state laws cannot alter pleading standards in federal diversity actions).

In sum, § 425.16 applies in federal court. However, it cannot be used in a manner that conflicts with the Federal Rules. This results in the following outcome: If a defendant makes a special motion to strike based on alleged deficiencies in the plaintiff's complaint, the motion must be treated in the same manner as a motion under Rule 12(b)(6) except that the attorney's fee provision of § 425.16(c) applies. If a defendant makes a special motion to strike based on the plaintiff's alleged failure of proof, the motion must be treated in the same manner as a motion under Rule 56 except that again the attorney's fees provision of § 425.16(c) applies.

National Enquirer asserts that this outcome is inconsistent with *Lockheed*. According to National Enquirer, the standard of the special motion to strike is different from the standard of Rule 12(b)(6) and *Lockheed* nevertheless endorsed the use of the § 425.16 standard for the special motion to strike. If so, National Enquirer argues, the Court is incorrect in its conclusion that a special motion to strike in this Court must comport with the Federal Rules rather than § 425.16.

National Enquirer points out that *Lockheed* endorsed the application of § 425.16(b)(1) in federal court. This subsection provides that a suit falling within the SLAPP provisions shall be stricken "unless the court determines that the

plaintiff has established there is a probability that the plaintiff will prevail on the claim." *See Lockheed*, 171 F.3d at 1216 n. 10 (quoting § 425.16(b)(1)). According to National Enquirer, this places on the plaintiff the burden of showing the suit's validity, as opposed to Rule 12(b)(6) which places on the defendant the burden of showing the suit's invalidity. (Def.'s Resp. at 1.) Thus, National Enquirer argues, "*Lockheed* embraced [the] burden-shifting aspect of subsection (b) even though it differs from the allocation of burdens under Federal Rule of Civil Procedure 12(b)." (*Id.*) (citing *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1295 (9th Cir.1998), for the proposition that *defendant* must show "beyond a doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief"). National Enquirer claims that this shows that *Lockheed* endorsed anti-SLAPP standards different from the Federal Rules.

As an initial matter, it is not clear that there is any substantive difference between the two standards identified by National Enquirer. More importantly, however, it is incorrect to speak in terms of "burdens" when dealing with legal issues rather than matters of evidence. *See, e.g., Black's Law Dictionary*, 196 (6th ed.1990) (defining burdens in regards to evidence). Burdens are relevant when evidence is ambiguous or evenly balanced. The result of a question of law cannot be "ambiguous" or "evenly balanced." While some questions are more difficult than others, eventually the judge must answer the question to the best of his or her ability. Thus, burdens of proof have no place in Rule 12(b)(6) motions or other questions of law.[5]

statutory language and state cases outlined above, one could conclude that the section creates a standard more favorable to the moving party than the standards of the Federal Rules. *Compare, e.g., Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir.1997) (noting that Rule 12(b)(6) motion to dismiss is "viewed with disfavor and is rarely granted") *with* Cal.Civ.Proc.Code § 425.16(a) (noting California Legislature's desire to curtail

"abuse of the judicial process" and requiring that provisions for special motion to strike "shall be construed broadly"). To the extent these standards differ, the Federal Rules must be followed in federal court.

5. This does not mean that the standards under which a court decides a legal question are unimportant, only that the issue of who bears

If so *Lockheed* did not endorse a standard for a special motion to strike different from the standard for a Rule 12(b)(6) motion.[6]

Additionally, while National Enquirer interprets *Lockheed* as endorsing the use of a state standard that is different from the Federal Rules, National Enquirer does not explain how this would be consistent with the *Erie* doctrine. Therefore, the Court rejects National Enquirer's argument.

In a separate argument, National Enquirer argues that "*Lockheed* reconciled the state statute with the Federal Rules by recognizing that the hard look required by state law would *precede* further litigation in federal court, as well as subsequent motion practice under Rule 12 and Rule 56." (Def.'s Resp. at 1 (parenthetical omitted) (emphasis in original).) The *Lockheed* court noted that there is no conflict because a litigant who unsuccessfully moves to strike "remains free to bring a Rule 12 motion to dismiss, or a Rule 56 motion for summary judgment." *Id.*, 171 F.3d at 1217.

According to National Enquirer, this difference in timing avoids any possible conflict between § 425.16 and the Federal Rules. But if, as asserted by National Enquirer, *Lockheed* applied a heavier burden on the plaintiff in a special motion to strike than that imposed by the Federal Rules, *Lockheed*'s explanation for the lack of conflict is unsound: If the plaintiff cannot meet the heavier burden of the special motion, the case would be immediately dismissed. If so, the fact that the special motion precedes the Rule 12(b)(6) motion is the source of the conflict, not its solution.

*Lockheed*'s explanation for the lack of conflict makes sense only if one assumes

the "burden of proof" regarding those standards cannot affect the legal question.

**6.** Though burdens of proof are important for evidence-based summary judgment motions, § 425.16 does not alter the standard of the Federal Rules. When faced with a Rule 56

that the standards for a special motion to strike are no different from those of the Federal Rules. If they are no different, allowing a state-created vehicle to test the plaintiff's claim does not conflict with the Federal Rules and the various vehicles coexist peacefully. If, however, the standards are different, they will produce different outcomes, which means they conflict.

While National Enquirer discusses various arguments in favor of the early disposition of libel suits, these are of no moment if the state-created procedure conflicts with the Federal Rules. *See, e.g., Hanna,* 380 U.S. at 469–471, 85 S.Ct. 1136 (analysis of *Erie* factors unnecessary when Federal Rule is on point). National Enquirer does not explain how these differing standards can exist without conflicting with one another. Therefore, National Enquirer's policy arguments must be disregarded.

In conclusion, in federal court, a special motion to strike must be decided pursuant to the standards of Rule 12(b)(6) or Rule 56.

### E. Application to the present case

As discussed earlier, National Enquirer filed a special motion to strike Rogers's complaint. The special motion does not attack Rogers's legal theories. Instead, it claims that Rogers cannot support her claim with appropriate evidence. (*See* Mot. to Strike at 3–4.) Rogers seeks to continue the hearing on the special motion to strike in order to permit her to conduct discovery. (*See* Pl.'s Appl. at 5.) National Enquirer opposes a continuance, claiming that such a continuance would defeat the purpose of § 425.16. (*See* Opp. to Appl. at 1–2.)

motion, a plaintiff bears the burden of proof to establish every fact regarding which he or she would bear the burden at trial. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

Though National Enquirer might be correct were it bringing this special motion in state court, in this Court the motion is governed by the standards of Rule 56, which require a different result. Rogers has identified specific discovery which she must obtain before being able to oppose the special motion. (Pl.'s Appl. at 6–7.) One of the items she seeks to discover is the identity of the alleged confidential source, which relates to National Enquirer's knowledge at the time it published the article at issue. (*Id.*) Thus Rogers's request to continue the hearing to pursue this discovery must be granted. *See* Fed. R.Civ.P. 56(f); *see also International Raw Materials*, 898 F.2d at 949 (" '[W]here the facts are in possession of the moving party a continuance ... should be granted almost as a matter of course.' "); Schwarzer, et al., *supra*, at ¶ 1466 (same); Wright, et al., *supra*, § 2741, at p. 422 (same when party seeks discovery of latent evidence such as moving party's knowledge or motive).

This conclusion does not rule on any specific discovery request and does not address whether Rogers is entitled to discover the identity of the purported confidential source. The Court merely holds that Rogers has raised a legitimate issue as to discovery and is entitled to present these arguments in the usual manner and in the appropriate forum. Consideration of these arguments must be under the standards provided by the Federal Rules.

## III. Conclusion

The Court continues the hearing on the special motion to strike to allow Rogers time to attempt to conduct discovery.[7] Only after discovery issues are resolved and discovery is complete will it be appropriate for the Court to consider the special motion to strike.

IT IS SO ORDERED.

---

7. The Court also notes that it is not clear that § 425.16 applies to the present case. A newspaper should not be deemed a "public forum" for purposes of § 425.16. *See Lafayette Morehouse, Inc. v. Chronicle Publ'g Co.*, 37 Cal. App.4th 855, 44 Cal.Rptr.2d 46, 51 n. 5 (1995). Therefore, National Enquirer can invoke the protections of § 425.16 only if its speech falls within the scope of subsection (e)(4). This requires that National Enquirer show that it is being sued for "conduct in furtherance of the exercise of the constitutional right of ... free speech in connection with a public issue or an issue of public interest." Cal.Civ.Proc.Code § 425.16(e)(4).

National Enquirer may have trouble satisfying the "public issue" or "issue of public interest" element. California decisions seem clear that the fact that a statement appeared in a newspaper is insufficient to satisfy this element. *See Carney v. Santa Cruz Women Against Rape*, 221 Cal.App.3d 1009, 271 Cal. Rptr. 30, 36 (1990); *see also Zhao v. Wong*, 48 Cal.App.4th 1114, 55 Cal.Rptr.2d 909, 913 (1996) (disapproved of on other grounds in *Briggs v. Eden Council for Hope and Opportunity*, 19 Cal.4th 1106, 81 Cal.Rptr.2d 471, 969 P.2d 564 (Cal.1999)).

It is true that California courts have found the public issue or issue of public interest element to be satisfied by speech on many different subjects. *See, e.g., Sipple*, 83 Cal. Rptr.2d at 682–85 (whether nationally known campaign consultant regarding women's issues engaged in wife-beating is public issue); *Dove Audio*, 54 Cal.Rptr.2d at 834 ("whether money designated for charities was being received by those charities" is question of public interest); *Beilenson*, 44 Cal.App.4th 944, 52 Cal.Rptr.2d 357 (speech alleging unethical conduct of public official is of public interest); *Matson*, 46 Cal.Rptr.2d at 885–86 (speech regarding "qualifications of a declared candidate for public office is a public issue"). However, none of these cases held that celebrity-watching is inherently a public issue. That a celebrity might be a public figure for purposes of the First Amendment should not mean that all speech about that celebrity is necessarily a public issue or an issue of public interest for purposes of § 425.16(e). This is a hurdle National Enquirer must clear when the Court considers the special motion to strike.