Dr. Frederick K.C. PRICE, Plaintiff,

v.

John STOSSEL, et al., Defendants.

No. CV 08–3936 RGK (FFMx).

United States District Court,
C.D. California,
Western Division.

Sept. 24, 2008.

**15.** (*See* Miller Decl. Exh. G 90:21–91:5, 123:4–10, 131:5–24, 153:19–154:8).

Alexander Rufus–Isaacs, Anthony M. Glassman, Richelle L. Kemler Vanden-

bergh, Glassman Browning Saltsman and Jacobs, Beverly Hills, CA, for Plaintiff.

Allison S. Rohrer, Andrew M. White, David E. Fink, Tami Kameda, White O'Connor Fink & Brenner LLP, Karl R. Loureiro, William Edward Pallares, Lewis Brisbois Bisgaard and Smith, Los Angeles, CA, for Defendants.

## ORDER GRANTING EX PARTE APPLICATION AND DENYING MOTION TO COMPEL

FREDERICK F. MUMM, United States Magistrate Judge.

On March 23, 2007, the ABC television network broadcast a John Stossel report entitled "Enough" on "Good Morning America" and "20/20" (the "Report"). The Report contained an interview with the founder of an organization named "Ministry Watch." This organization advocates transparency in the disposition of funds received by Christian ministries. The Report also included brief clips of various ministers making monetary appeals or otherwise preaching to their congregations. These clips generally showed the ministers either seeking donations or indicating what the donations would be used for. A clip of Dr. Frederick K.C. Price ("Plaintiff") shows him stating to his congregation that "I live in a 25–room mansion. I have my own six million dollar yacht. I have my own private jet, and I have my own helicopter, and I have seven luxury automobiles." The Report also contains shots of various expensive homes and jet planes apparently owned by the ministers depicted in the Report.

On July 24, 2007, Plaintiff filed a complaint in Los Angeles County Superior Court. Defendants ABC, Inc., American Broadcasting Corporation, Inc. (collectively, "ABC"), Glen Ruppel, John Stossel, Ole Anthony and Trinity Foundation, Inc. (collectively "Defendants") removed the action to this Court on September 17, 2007. The parties subsequently dismissed the action without prejudice and pursued mediation. Following an unsuccessful mediation, Plaintiff filed his complaint in the United States District Court for the Southern District of New York on December 17, 2007. On June 4, 2008, the Southern District granted ABC's motion to transfer the action back to this Court. After the transfer, Plaintiff filed and served a first amended complaint on August 13, 2008.

In the meantime, Defendants had been discussing with Plaintiff their intent to file an anti-SLAPP motion. On July 27, 2008, the parties filed a stipulation, which was approved by the Court, setting September 22, 2008 as the last day for Defendants to file their anti-SLAPP motion. The stipulation contemplated that Plaintiff would seek discovery and that Defendants would oppose the discovery sought by Plaintiff. Two days later, on July 31, 2008, Plaintiff noticed the depositions of John Stossel, Glen Ruppel and Ruth Iwano (an ABC employee) and requested that the deponents produce documents at their depositions. ABC timely served objections to the discovery notices, primarily asserting that Plaintiff is not entitled to take discovery prior to the hearing on Defendant's contemplated anti-SLAPP motion.

On September 15, 2008, Plaintiff filed his motion to compel discovery responses, setting a hearing date of October 7, 2008. At the same time, Plaintiff filed an *ex parte* application for an order shortening time, by which Plaintiff seeks a hearing date before October 6, 2008. Defendants filed an opposition to the *ex parte* application on September 16, 2008. Plaintiff filed

a response in support of his *ex parte* application on September 17, 2008.[1]

### Ex Parte Application

Plaintiff contends that the point of his motion is to obtain discovery necessary to oppose Defendants' contemplated anti-SLAPP motion. Unless the Court considers Plaintiff's motion on an expedited basis, Plaintiff argues, Plaintiff will not have the discovery in time to use it in opposing Defendants' motion. Defendants contend that Plaintiff has not been diligent and has created his own emergency by failing to act sooner. Moreover, Defendants contend that Plaintiff is not entitled to the discovery he seeks prior to the hearing on the anti-SLAPP motion, because such discovery is not relevant to the motion and, thus, is precluded by California law. According to Defendants, because the discovery is not relevant to the anti-SLAPP motion, there is no reason to consider Plaintiff's motion on an expedited basis.

Because it is necessary for the Court to examine the merits of the discovery motion in order to ascertain the urgency of hearing it, the Court grants Plaintiff's *ex parte* application for an expedited decision. Accordingly, the October 7, 2008 hearing date is vacated. In addition, the Court has determined that the briefing by the parties is sufficient for the Court to rule on the motion without hearing oral argument. For the following reasons, the Court denies Plaintiff's motion to compel.

### The California Anti–SLAPP Statute

■ The California Legislature enacted California Code of Civil Procedure section 425.16 to check "a disturbing increase in lawsuits brought primarily to chill the valid exercise of the constitutional right[ ] of freedom of speech," and to provide "a fast and inexpensive unmasking and dismissal" of such claims. *Ludwig v. Superior Court*, 37 Cal.App.4th 8, 16, 43 Cal.Rptr.2d 350 (1995). Under the statute, any "cause of action against a person arising from any act of that person in furtherance of that person's right of ... free speech ... in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim." Cal.Civ.Proc.Code § 425.16(b)(1).

In 1997 the California Legislature amended the statute to ensure that it "shall be construed broadly." Cal.Civ. Proc.Code § 425.16(a); *see also Briggs v. Eden Council*, 19 Cal.4th 1106, 1120–21, 81 Cal.Rptr.2d 471, 969 P.2d 564 (1999). The California Supreme Court has explained that the California Legislature provided a "bright line test" for determining whether a particular claim is subject to a special motion to strike. *Id.* at 1122–23, 81 Cal. Rptr.2d 471, 969 P.2d 564. That test is set forth in section 425.16(e), which enumerates four categories of conduct that are protected by the statute. Those acts include:

> (4) ... conduct in furtherance of the exercise of the constitutional right ... of free speech in connection with an issue of public interest.

Cal.Civ.Proc.Code § 425.16(e).

California courts consistently have held that claims based on reporting by media defendants, like Plaintiff's claims here, fall

---

1. Although neither party addressed the ability to take discovery *before* an anti-SLAPP motion is filed, the Court notes that Defendants filed their anti-SLAPP motion on September 22, 2008, before the Court ruled on Plaintiff's motion to compel.

within the scope of the anti-SLAPP statute. *See, e.g., Braun v. Chronicle Publ. Co.,* 52 Cal.App.4th 1036, 1043–45, 61 Cal. Rptr.2d 58 (1997) (reiterating that section 425.16 applies to media defendants); *Lafayette Morehouse, Inc. v. Chronicle Publ. Co.,* 37 Cal.App.4th 855, 863–64, 44 Cal. Rptr.2d 46 (1995) (holding section 425.16 protected a newspaper and its reporters in a lawsuit "based on [their] news reporting activities").

■ At least for purposes of Plaintiff's discovery motion, the parties apparently do not dispute that Defendants' broadcasts satisfy the anti-SLAPP statute's "bright line" test under section 425.16(e)(4), which extends the statute's reach to any statement made "in connection with ... an issue of public interest."[2] Moreover, it is beyond dispute that the California anti-SLAPP motion is available in federal court. *United States v. Lockheed Missiles & Space Co., Inc.,* 190 F.3d 963, 970–73 (9th Cir.1999).

### *Burden on Anti–SLAPP Motion*

■ If a plaintiff's claims arise from the type of conduct addressed by the anti-SLAPP statute, the burden shifts to the plaintiff to present evidence establishing a probability that he will prevail on each of his causes of action. Cal.Civ.Proc.Code § 425.16(b)(1). In this respect, a special motion to strike is akin to a motion for summary judgment. A plaintiff cannot rely solely on the allegations set forth in his pleadings, nor may the court simply accept those allegations. *Church of Scientology v. Wollersheim,* 42 Cal.App.4th 628, 656, 49 Cal.Rptr.2d 620 (1996). Instead, a plaintiff must present "competent and admissible evidence" showing that he "proba-

bly" will prevail. *Macias v. Hartwell,* 55 Cal.App.4th 669, 675, 64 Cal.Rptr.2d 222 (1997). If he fails to meet this evidentiary burden, his complaint is stricken. Cal.Civ. Proc.Code § 425.16(b)(1).

### *Discovery Under the Anti–SLAPP Statute in Federal Court*

■ Under California law, the party opposing a special motion to strike is not guaranteed an automatic right to discovery. Instead, discovery is automatically stayed and the opposing party must demonstrate "good cause" under section 425.16(g) to justify "specified discovery" as an exception to the stay. *See* Cal.Civ. Proc.Code § 425.16(g); *see also Braun v. Chronicle Publ'g Co.,* 52 Cal.App.4th 1036, 1052, 61 Cal.Rptr.2d 58 (1997) (requiring showing of good cause). Subsection (g)'s good cause standard is considered an important element of the anti-SLAPP statute, which, as indicated above, was intended to "provid[e] a fast and inexpensive unmasking and dismissal" of lawsuits that arise from conduct protected by the First Amendment. *Ludwig,* 37 Cal.App.4th at 16, 43 Cal.Rptr.2d 350.

■ To satisfy the "good cause" standard, the opposing party must make a timely showing that evidence "is reasonably shown to be held, or known, by defendant or its agents and employees" that would defeat the motion to strike by demonstrating that the plaintiff has "establish[ed] a prima facie case." *Lafayette,* 37 Cal.App.4th at 868, 44 Cal.Rptr.2d 46. The opposing party also must request "specified discovery." *Id.* Under section 425.16(g), the opposing party must identify particular "facts" that he seeks through discovery. *Sipple v. Foundation for Nat'l*

---

**2.** The parties also agree that Plaintiff is a public figure. Joint Stipulation at 6.

*Progress,* 71 Cal.App.4th 226, 247, 83 Cal. Rptr.2d 677 (1999) (affirming an order denying a defamation plaintiff's motion for discovery under section 425.16(g)). The importance of the discovery provisions to the anti-SLAPP statutory scheme has led California courts to conclude that it "would subvert the intent of the anti-SLAPP legislation" to allow a plaintiff to conduct discovery—thereby delaying adjudication of the defendant's special motion to strike and increasing the financial burden on the defendant—on anything less than a showing of good cause. *See id.* at 247, 83 Cal.Rptr.2d 677.

Although a federal court defendant may file an anti-SLAPP motion, the applicability in federal court of the discovery protections in the California statute is not entirely clear. The Ninth Circuit's decision in *Lockheed* provides the starting point for the analysis. In finding that the California anti-SLAPP motion could be invoked in

federal court, the *Lockheed* Court first considered whether there was a direct conflict between the portions of the California statute at issue [3] and the Federal Rules. Finding no direct conflict, the court made the "typical, relatively unguided *Erie* choice," 190 F.3d at 973 (quoting *Hanna v. Plumer,* 380 U.S. 460, 471, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965)), by balancing the state and federal interests implicated by the procedural rule. The court noted that whereas the parties had "not identified any federal interests that would be undermined by application of the anti-SLAPP provisions[;] ... California has articulated the important, substantive state interests furthered by the Anti–SLAPP statute." [4] *Id.* (citations omitted). The court further found that "the twin purposes of the *Erie* rule—'discouragement of forum-shopping and avoidance of inequitable administration of law'—favor application of California's Anti–SLAPP statute in federal cases." [5] *Id.* (citations omitted).

---

**3.** The *Lockheed* Court examined subsections (b) (authorizing the special motion to strike) and (c) (authorizing the recovery of costs and attorney's fees) of section 425.16.

**4.** The court noted the following state interests furthered by the anti-SLAPP statute:

> California's Anti–SLAPP law, Cal.Civ. Proc.Code § 425.16 was passed in January 1993 in response to the legislature's concern about civil actions aimed at private citizens to deter or punish them for exercising their political or legal rights. *Wilcox v. Superior Court,* 27 Cal.App.4th 809, 33 Cal. Rptr.2d 446 (1994). The hallmark of a SLAPP suit is that it lacks merit, and is brought with the goals of obtaining an economic advantage over a citizen party by increasing the cost of litigation to the point that the citizen party's case will be weakened or abandoned, and of deterring future litigation. 27 Cal.App.4th at 816, 33 Cal. Rptr.2d at 450. The *Wilcox* decision goes on to observe that "[b]ecause winning is not a SLAPP plaintiff's primary motivation, defendants' traditional safeguards against

meritless actions, (suits for malicious prosecution and abuse of process, and requests for sanctions) are inadequate to counter SLAPPs." 27 Cal.App.4th at 817, 33 Cal. Rptr.2d at 450. Therefore, the California legislature looked for procedural and substantive remedies for the prompt exposure, dismissal, and discouragement of SLAPP suits. *Id.*

> 190 F.3d at 970–71 (footnote omitted).

**5.** The court noted that "California's 'special motion to strike' adds an additional, unique weapon to the pretrial arsenal, a weapon whose sting is enhanced by a[n] entitlement to fees and costs. Plainly, if the anti-SLAPP provisions are held not to apply in federal court, a litigant interested in bringing meritless SLAPP claims would have a significant incentive to shop for a federal forum. Conversely, a litigant otherwise entitled to the protections of the Anti–SLAPP statute would find considerable disadvantage in a federal proceeding. This outcome appears to run squarely against the 'twin aims' of the *Erie* doctrine." *Id.*

The *Lockheed* Court concluded that there is no direct conflict between these two subsections and the Federal Rules, and that the purposes of *Erie* are advanced by adopting the California procedural rules. However, the *Lockheed* Court did not address Section 425.16(g), the section limiting discovery.

■ One subsequent Ninth Circuit case, *Metabolife Intern., Inc. v. Wornick,* 264 F.3d 832 (9th Cir.2001) has discussed this issue and two others, *Batzel v. Smith,* 333 F.3d 1018 (9th Cir.2003), and *Vess v. Ciba–Geigy Corp. USA,* 317 F.3d 1097 (9th Cir. 2003), have mentioned the issue without discussing it. In *Metabolife,* the court reasoned that:

> Subsection 425.16(f) provides that the anti-SLAPP motion may be filed within sixty days of the filing of the complaint or, at the court's discretion, at any later date. Subsection 425.16(g) provides that the filing of an anti-SLAPP motion automatically stays all further discovery until the court rules on the motion. However, "[t]he court, on noticed motion and for good cause shown, may order that specified discovery be conducted notwithstanding this subdivision." § 425.16(g). Together, these two subsections "create a default rule that allows the defendant served with a complaint to immediately put the plaintiff to his or her proof before the plaintiff can conduct discovery." *Rogers v. Home Shopping Network, Inc.,* 57 F.Supp.2d 973, 980 (C.D.Cal.1999).

We have not previously considered whether subsections 425.16(f) and (g) "directly collide" with the Federal Rules or are contrary to *Erie's* purposes. However, a district court in our circuit addressed exactly this issue in *Rogers,* holding that "[i]f this expedited procedure were used in federal court to test the plaintiff's evidence before the plaintiff has completed discovery, it would collide with Federal Rule of Civil Procedure 56." 57 F.Supp.2d at 980.

Although Rule 56(f) facially gives judges the discretion to disallow discovery when the non-moving party cannot yet submit evidence supporting its opposition, the Supreme Court has restated the rule as requiring, rather than merely permitting, discovery "where the nonmoving party has not had the opportunity to discover information that is essential to its opposition." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250 n. 5, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Taking note of this, the district court in *Rogers* held:

> Section 425.16 limits discovery and makes further discovery an exception, rather than the rule. Rule 56 does not limit discovery. On the contrary, it ensures that adequate discovery will occur before summary judgment is considered.
>
> Because the discovery-limiting aspects of § 425.16(f) and (g) collide with the discovery-allowing aspects of Rule 56, these aspects of subsections (f) and (g) cannot apply in federal court. 57 F.Supp.2d at 982.

We agree.

264 F.3d at 846.

In *Metabolife,* the Ninth Circuit considered an action by the manufacturer of herbal diet pills against a television station and others regarding a television report about risks posed by the product. Among other things, the court discussed whether the plaintiff should have had an opportunity to conduct discovery to demonstrate the falsity of the statement "[e]very expert we

asked said Metabolife is not safe because of its main ingredient, ma huang." 264 F.3d at 846. The court concluded that plaintiff should have been allowed to take discovery "as to which experts [defendant] consulted as the basis for the statement." *Id.*

In *Batzel*, the court considered whether it had jurisdiction to entertain the interlocketory appeal of a denial of a motion to strike. Under California law, a denial of an anti-SLAPP motion is immediately appealable. *See* Cal.Civ.Proc.Code § 425.16(j). The court concluded that pursuant to the collateral order doctrine, appellate jurisdiction existed. 333 F.3d at 1024–25. In describing the anti-SLAPP statute, the court noted, without discussion, that "[i]f the defendant files an anti-SLAPP motion to strike, all discovery proceedings are stayed. *See* § 425.16(g). A court may, however, permit specified discovery 'on noticed motion and for good cause shown.' *Id.*" 333 F.3d at 1024.

The only other Ninth Circuit decision mentioning the discovery provision of the California anti-SLAPP statute is *Vess*. In *Vess*, a patient brought an action against psychiatric associations and manufacturers of prescription pharmaceuticals, alleging violations of the California Consumers Legal Remedies Act and California unfair business practice laws. The plaintiff appealed, among other things, the District Court's dismissal of the action pursuant to the defendants' anti-SLAPP motion. The court cited *Lockheed Missiles* in support of its statement that anti-SLAPP motions may be brought in federal court. After that citation, the court added *"But see Metabolife*, 264 F.3d at 846 (because the discovery-limiting aspects of §§ 425.16(f) and (g) "collide with the discovery-allowing aspects of Rule 56, these aspects of subsec-

tions 425.16(f) and (g) cannot apply in federal court")." 317 F.3d at 1109. No further discussion of discovery under the anti-SLAPP statute appears in the decision.

The district courts have struggled in their attempts to determine under what circumstances, if at all, the discovery limiting aspects of the California anti-SLAPP statute apply in federal court. *See, e.g., Moser v. Triarc Companies, Inc.,* 2007 WL 3026425 (S.D.Cal.2007) (interpreting *Metabolife*'s holding as requiring the court to use Rule 56(f) standard (*i.e.*, requiring discovery where non-moving party has not had the opportunity to discover information essential to its opposition) in denying anti-SLAPP opponent's motion for discovery); *Aeroplate Corporation v. Arch Insurance Company,* 2006 WL 3257487 (E.D.Cal.2006) (interpreting *Liberty Lobby* and *Metabolife* as requiring the court to allow discovery where the non-moving party "has not had … any [prior] opportunity for discovery"); *New.Net v. Lavasoft,* 356 F.Supp.2d 1090, 1101–02 (S.D.Cal.2004) (concluding there is no "inherent 'direct collision' between the expedited procedure contemplated in the Anti–SLAPP statute, and the provisions of Rule 56" and that the opposing party must "persuade the court that discovery is essential to its opposition").

*Flores v. Emerich and Fike,* 2006 WL 2536615 (E.D.Cal.) addressed another issue raised by the anti-SLAPP statute: whether leave to amend should be granted once the motion is granted. That court reconciled *Metabolife* with *Lockheed* as follows:

> *Metabolife,* in contrast to *Lockheed,* draws almost no distinction between an anti-SLAPP motion and a motion for summary judgment. In so holding, *Metabolife* arguably conflicts with *Lock-*

*heed*'s holding that an anti-SLAPP motion is a procedural tool that can be distinguished from a motion for summary judgment. Yet, *Metabolife* cited with approval to and did not overrule *Lockheed*'s holding as to § 425.16(b) and (c). *See* 264 F.3d at 845–46. The only way to interpret *Metabolife* without eviscerating *Lockheed* is to apply it narrowly only to situations where a plaintiff asserts prior to decision on an anti-SLAPP motion that discovery might influence the outcome of the motion to strike.

2006 WL 2536615 at 9.

In *Metabolife,* the court relied on the Supreme Court's statement that Rule 56(f) requires allowing a party to take discovery to oppose a summary judgment motion "where the nonmoving party has not had the opportunity to discover information that is essential to its opposition." 264 F.3d at 846 (quoting *Liberty Lobby,* 477 U.S. at 250 n. 5, 106 S.Ct. 2505). That statement was critical in *Metabolife* because the district court had not allowed discovery the plaintiff needed to prove the falsity of the statement made by the defendant. Indeed, the defendant was uniquely in possession of the information (*i.e.,* whether every expert he spoke with had told him the product was dangerous) necessary to prove the falsity of the statement. Thus, to the extent the anti-SLAPP motion is equated with a summary judgment motion and to the extent the district court had interpreted the anti-SLAPP statute as precluding discovery essential to the opposition, the discovery limiting provision of the anti-SLAPP statute directly collided with Rule 56(f).

In *New.Net,* District Judge Feess noted that the standard for allowing discovery under subsection 425.16(g) (for good cause shown) is essentially the same as the Rule 56(f) standard (essential to the opposition). 356 F.Supp.2d at 1101. Thus, the court found no *inherent* conflict between § 425.16(g) and Rule 56. *Id.* at 1102.

In any event, there can only be a conflict between Rule 56(f) and section 425.16(g) to the extent Rule 56(f) would allow discovery and section 425.16(g) would not. Therefore, in deciding the instant motion, the Court will use the Rule 56(f) standard, thereby avoiding any potential conflict.

*Whether the Discovery Sought by Plaintiff Is Essential to His Opposition*

Defendants represent that their anti-SLAPP motion will be directed toward one dispositive issue: that Plaintiff cannot sustain his burden of proving falsity. Plaintiff does not disagree, but contends that the discovery he seeks is essential to demonstrate falsity. In this regard, the parties agree that Plaintiff is seeking information relevant to the intent of Defendants in preparing the Report. According to Plaintiff, Defendants' intent will help demonstrate the gist or sting of the Report. Plaintiff states that the gist or sting can arise expressly from statements contained in the Report or impliedly from the Report taken as a whole.

█ Whether Plaintiff claims he was defamed by implication or otherwise, he bears the burden of proving falsity. A true statement cannot be defamatory regardless of the defendant's intent or even malicious purpose. *Francis v. Dun & Bradstreet, Inc.,* 3 Cal.App.4th 535, 540, 4 Cal.Rptr.2d 361 (1992). To defeat Defendants' anti-SLAPP motion, therefore, Plaintiff must raise a triable issue as to whether the statements made by Defendants stated or implied a false fact. Defendants' intent is irrelevant to the inquiry.

Plaintiff cites cases which, to some degree or another, discuss a defamation defendant's intent. None of those cases, however, suggests that intent has any relevance to the court's determination of whether the statement is capable of a defamatory meaning or whether the statement is, in fact, false.

If Plaintiff succeeds in demonstrating that the Report reasonably can be construed as implying a false fact about Plaintiff, Plaintiff will have a further burden of demonstrating that Defendants intended the defamatory implication. *See Dodds v. American Broadcasting, Co.*, 145 F.3d 1053 (9th Cir.1998); *Newton v. National Broadcasting Co., Inc.*, 930 F.2d 662, 681 (9th Cir.1990). However, Defendants' anti-SLAPP motion is not directed toward this additional burden. Therefore, although intent may become an issue if Plaintiff survives the anti-SLAPP motion, it is not an issue in connection with the motion itself.

Because evidence of Defendants' intent is irrelevant to the proposed anti-SLAPP motion, Plaintiff cannot show that the discovery he seeks is essential to his opposition. Therefore, Plaintiff's motion to compel discovery is denied.