GLOBETROTTER SOFTWARE,
INC., Plaintiff,

v.

ELAN COMPUTER GROUP,
INC., et al., Defendants.

Globetrotter Software, Inc., Plaintiff,

v.

Rainbow Technologies, Inc.,
et al., Defendants.

and Related Counterclaims.

No. C–98–20419–JF(EAI).

United States District Court,
N.D. California,
San Jose Division.

Sept. 1, 1999.

**1128**

Jack Russo, Palo Alto, CA, William Muks, Santa Rosa, CA, for plaintiff.

John Alioto, Linda Alioto, San Francisco, CA, Thomas Blasdell, Los Angeles, CA, Larry Russ, Los Angeles, CA, for defendants.

ORDER DENYING COUNTERDEFEN-
DANTS' SPECIAL MOTION TO
STRIKE; DENYING AS MOOT
COUNTERDEFENDANTS' MO-
TION TO STRIKE THE DECLARA-
TION OF PATRICK FEVERY;
AND DENYING COUNTERCLAIM-
ANTS' REQUEST FOR ATTOR-
NEYS' FEES

FOGEL, District Judge.

On June 14, 1999, the Court heard Globetrotter's special motion to strike the counterclaims of Elan and Rainbow,[1] Globetrotter's related motion to strike the declaration of Patrick Fevery and countermotions by Elan and Rainbow seeking attorneys' fees in connection with the special motion to strike.[2] Each of these motions is denied for the reasons set forth herein.

## I. BACKGROUND

The factual background of this action has been set forth in detail in the Court's prior orders and need not be repeated here. The procedural facts relevant to the present motions are as follows. On March 2, 1999, the Court issued an order granting in part and denying in part Globetrotter's motions to dismiss which had been brought with respect to counterclaims and affirmative defenses asserted by Elan and Rainbow. Elan filed its first amended answer, counterclaim and additional party complaint on March 17, 1999. Rainbow filed its second amended counterclaim on March 11, 1999 and its first amended answer on March 22, 1999. Globetrotter now brings a special motion to strike the counterclaims of Elan and Rainbow pursuant to California Code of Civil Procedure § 425.16 and in addition seeks to strike the declaration of Patrick Fevery submitted in opposition to that motion. Elan and Rainbow bring countermotions seeking attorneys' fees. Alternatively, to the extent the Court is inclined to grant the special motion to strike, Elan and Rainbow request that the Court delay its ruling and permit them to take limited discovery.

## II. DISCUSSION

Section 425.16 of the California Code of Civil Procedure was enacted in order to provide for the early dismissal of meritless suits aimed at chilling the valid exercise of the constitutional rights of freedom of speech and petition for the redress of grievances. *See* Cal.Code Civ.P. § 425.16(a); *Braun v. Chronicle Publishing Co.*, 52 Cal.App.4th 1036, 1042, 61 Cal. Rptr.2d 58 (1997). These meritless suits often are referred to as "Strategic Lawsuits Against Public Participation" or "SLAPP" suits, with the result that § 425.16 has come to be called the "anti-SLAPP statute." *See Id.* at 1040 & n. 1, 61 Cal.Rptr.2d 58. The statute provides that:

A cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States or California Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has estab-

---

1. For the sake of convenience, the Court refers to Globetrotter Software, Inc. and Matthew Christiano collectively as "Globetrotter," to Elan Computer Group, Inc. and Ken Greer collectively as "Elan," and to Rainbow Technologies, Inc. and Rainbow Technologies North America, Inc. collectively as "Rainbow."

2. On the same date, the Court heard Globetrotter's motions to dismiss portions of the counterclaims asserted by Elan and Rainbow. These motions are addressed in a separate order.

lished that there is a probability that the plaintiff will prevail on the claim.

Cal.Code Civ.P. § 425.16(b)(1). Acts "in furtherance of a person's right of petition or free speech ... in connection with a public issue" are defined as including: (1) any written or oral statement or writing made before a legislative, executive, or judicial proceeding, or any other official proceeding authorized by law; (2) any written or oral statement or writing made in connection with an issue under consideration or review by a legislative, executive, or judicial body, or any other official proceeding authorized by law; or (3) any written or oral statement or writing made in a place open to the public or a public forum in connection with an issue of public interest. *See id.* § 425.16(b)(e); *Briggs v. Eden Council For Hope And Opportunity,* 19 Cal.4th 1106, 1112, 81 Cal.Rptr.2d 471, 969 P.2d 564 (1999). The California courts have made clear that a defendant seeking to strike a cause of action arising from statements made before a legislative, executive or judicial proceeding or in connection with such a proceeding need not show that the statements were made in connection with a public issue. *See Briggs,* 19 Cal.4th at 1123, 81 Cal.Rptr.2d 471, 969 P.2d 564.

█ A defendant filing an anti-SLAPP motion must make an initial prima facie showing that the plaintiff's suit arises from an act in furtherance of the defendant's rights of petition or free speech. *See Braun,* .52 Cal.App.4th at 1042–43, 61 Cal. Rptr.2d 58. If the defendant makes this showing, the burden shifts to the plaintiff to demonstrate a probability of prevailing on the challenged claims. *See Conroy v. Spitzer,* 70 Cal.App.4th 1446, 1450, 83 Cal. Rptr.2d 443 (1999).

█ The parties disagree as to whether and to what extent the anti-SLAPP statute is applicable to the counterclaims in this action. Globetrotter asserts that the anti-SLAPP statute is applicable to all of the causes of action contained in the counterclaims, including those based upon federal statute. Elan and Rainbow contend that the special motion to strike was not timely filed, and that in any case the anti-SLAPP statute applies (if at all) only to the state law causes of action asserted in the counterclaims.

Under § 425.16(f) a special motion to strike generally must be filed "within sixty days of the service of the complaint." [3] It is unclear from this language whether the sixty days runs from the service of the original complaint or from the service of the most recent amended complaint. There does not appear to be any authority addressing this issue. Section 425.16(a) provides that the statute is to be "construed broadly." Thus, in the absence of statutory language indicating that the sixty day period runs from the filing of the "original complaint," the Court construes the statute to mean that the sixty day period runs from the filing of the most recent amended complaint. In this case, the special motion to strike was filed within sixty days after the operative amended counterclaims were filed. Accordingly, the motion is timely.

█ With respect to the applicability of the anti-SLAPP statute to claims filed in federal court, the Court turns to a recent decision from the Ninth Circuit, *United States v. Lockheed Missiles and Space Co., Inc.,* 171 F.3d 1208 (9th Cir.1999), in which the Ninth Circuit held that the statute was applicable to state law counterclaims asserted in a federal diversity action. The Court concluded that application of the statute to such claims would not result in a "direct collision" with the Federal Rules. The Court went on to perform an *Erie*[4] analysis, concluding ·that important substantive state interests are furthered by

---

**3.** The Court may, in its discretion, allow the motion to be filed at a later time. Cal.Code Civ.P. § 425.16(f).

**4.** *Erie R. Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938).

the anti-SLAPP statute, that no identifiable federal interest would be undermined by applying the anti-SLAPP statute in diversity actions and that prohibiting the application of the anti-SLAPP statute in federal diversity actions would promote forum-shopping.

The *Erie* doctrine applies to pendent state law claims to the same extent it applies to state law claims before a federal court on the basis of diversity jurisdiction. *See Nathan v. Boeing Co.*, 116 F.3d 422, 423 (9th Cir.1997). Accordingly, it appears that under the *Erie* analysis set forth in *Lockheed* the anti-SLAPP statute may be applied to state law claims which, as in this case, are asserted pendent to federal question claims.

■ Globetrotter argues that the anti-SLAPP statute should be applied to federal question claims as well as pendent state law claims, at least when the federal question claims are asserted in the same action as state law claims to which the statute applies. This argument is not supported by the *Erie* rationale articulated in the *Lockheed* decision or by any other authority of which the Court is aware. Consequently, the Court concludes that the anti-SLAPP statute is not applicable to the federal claims asserted by Elan and Rainbow.

■ Elan asserts state law claims for: tortious interference with contract (count three); tortious interference with contract and prospective relations (count four); trade libel (count five); and unfair competition under California's Business and Professions Code § 17200 (count six). Rainbow asserts state law claims for: violation of the Cartwright Act (second claim); defamation (sixth claim); commercial disparagement (seventh claim); trade libel (eighth claim); interference with contractual relations (ninth claim); interference with prospective economic advantage (tenth claim); unfair competition under California's Business and Professions Code § 17200 (twelfth claim); false advertising under California's Business and Professions Code § 17500 (thirteenth claim); and unfair trade practices under California's Business and Professions Code § 17043 (fourteenth claim).

For the most part, these claims are based upon Globetrotter's statements to the market regarding Elan, Rainbow and their products. The statements in question were not made during or in connection with an official proceeding. Thus the statements come within the protection of the anti-SLAPP statute only if they can be characterized as statements made in a place open to the public or a public forum in connection with an issue of public interest. The Court has been unable to locate any California cases concluding that the "issue of public interest" test is met by statements of one company regarding the conduct of a competitor company. If such statements were construed as coming within the statute's protection, any lawsuit alleging trade libel, false advertising or the like in the context of commercial competition would be subject to attack as a SLAPP suit. This clearly is not the result intended by the Legislature when enacting the anti-SLAPP statute. Accordingly, in the absence of clear California case law to the contrary, this Court declines to apply to statute's protection to the speech at issue in this case.

The Court's ruling regarding the special motion to strike renders moot Globetrotter's related motion to strike the declaration of Patrick Fevery.

Elan and Rainbow request attorneys' fees pursuant to § 425.16(g), which provides for an award of fees if the Court finds that the motion to strike is frivolous or solely intended to cause unnecessary delay. It is not clear that Globetrotter's motion is frivolous or intended to cause delay. Several of the points argued by Globetrotter involve unsettled areas of federal and state law. Accordingly, the request for fees is denied.

## III. ORDER

The special motion to strike, motion to strike the declaration of Patrick Fevery and motion for attorneys' fees are DENIED.