**MCSI, INC., a Maryland Corporation, Plaintiff,**

v.

**Robert B. WOODS, an individual; the Whitlock Group, a Virginia Corporation and Does 2 through 10, inclusive, Defendant.**

No. C–02–02865JF(RS).

United States District Court, N.D. California.

Feb. 25, 2003.

Read Ambler, Jams, San Jose, CA, Special Master, pro se.

Ian Ballon, Manatt Phelps Phillips LLP, Palo Alto, CA, Jonathan M. Eisenberg, Manatt, Phelps & Phillips, LLP, Los Angeles, CA, for MCSi, Inc., a Maryland corporation, Plaintiff.

Paul F. Utrecht, Ronald D. Schivo, Law Offices of Paul F. Utrecht, San Francisco, CA, for Robert B. Woods, an individual, Defendant.

Charles J. Murray, Rachel Chatman, Ralph A. Zappala, Lewis Brisbois Bisgaard & Smith LLP, San Francisco, CA, for the Whitlock Group, a Virginia corporation, Defendant.

## ORDER DENYING SPECIAL MOTION TO STRIKE

FOGEL, District Judge.

On October 7, 2002, the Court heard Defendant Woods' Motion to Strike All Causes of Action of First Amended Complaint under California Code of Civil Procedure § 425.16. The Court has read the moving and responding papers and has considered the oral arguments presented by counsel. For the reasons set forth below, the motion will be denied.[1]

---

1. Defendant Whitlock also filed a motion to dismiss for lack of personal jurisdiction pursuant to Federal Rules of Civil Procedure 12(b)(2), and Defendants Woods and Whitlock filed motions to dismiss for improper venue

## I. BACKGROUND

Plaintiff MCSi Inc. ("MCSi") alleges that Defendant Audio Fidelity Communications Corporation d/b/a The Whitlock Group ("Whitlock") committed numerous acts of unfair competition against the Intellisys Group, Inc. ("Intellisys"), from whom MCSi purchased substantially all assets, including the instant claims against Whitlock. MCSi and Whitlock are two of the largest audio-visual companies in the country and are direct competitors. Robert B. Woods ("Woods") is a former Site Manager at Intellisys who left to become an employee of Whitlock.

On August 29, 2001, MCSi filed suit in the Santa Clara Superior Court asserting unfair competition and business practices in the form of negative statements about MCSi. Woods posted these statements under a pseudonym in web postings on chat boards operated by Yahoo! Inc. On May 17, 2002, MCSi served the operative First Amended Complaint alleging (1) common-law unfair competition; (2) statutory unfair business practices; (3) misappropriation of trade secrets; (4) conversion; (5) negligent training, supervision and retention of employees; (6) libel; (7) slander; (8) trade libel; (9) intentional interference with contracts; (10) negligent interference with contracts; (11) intentional interference with prospective economic advantage; and (12) negligent interference with prospective economic advantage.

On June 14, 2002 Whitlock removed the case to this Court. On October 21, 2002, the Court denied motions to dismiss filed by Defendants Whitlock and Woods. Remaining is the special motion to strike pursuant to California Code of Civil Procedure § 425.16 filed by Woods.

pursuant to Rule 12(b)(3). Those motions

## II. LEGAL STANDARD

California Code of Civil Procedure § 425.16 was enacted in order to provide for the early dismissal of meritless suits aimed at chilling the valid exercise of the constitutional rights of freedom of speech and petition for the redress of grievances. *See* Cal.Code Civ. P. § 425.16(a); *Braun v. Chronicle Publishing Co.*, 52 Cal.App.4th 1036, 1042, 61 Cal.Rptr.2d 58 (1997). Such suits often are referred to as "Strategic Lawsuits Against Public Participation" or "SLAPP" suits, with the result that § 425.16 has come to be known as the "anti-SLAPP statute." *See id.* at 1040, 61 Cal.Rptr.2d 58. The statute provides that:

> A cause of action against a person arising from any act of that person in furtherance of the person's right of petition of free speech shall under the United States of California Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim.

Cal.Code Civ. P. § 425.16(b)(1). Acts "in furtherance of a person's right of petition or free speech ... in connection with a public issue" are defined as including: (1) any written or oral statement or writing made before a legislative, executive, or judicial proceeding, or any other official proceeding authorized by law; (2) any written or oral statement or writing made in connection with an issue under consideration or review by a legislative, executive or judicial body, or any other official proceeding authorized by law; or (3) any written or oral statement or writing made in a place open to the public or a public forum in connection with an issue of public interest. *See Id.* § 425.16(b)(e); *Briggs v. Eden Council for Hope and Opportunity*,

were addressed in a separate order.

19 Cal.4th 1106, 1112, 81 Cal.Rptr.2d 471, 969 P.2d 564 (1999).

■ "A court considering a motion to strike under the anti-SLAPP statute must engage in a two-part inquiry." *Vess v. Ciba–Geigy Corp. USA,* 317 F.3d 1097 (9th Cir.2003). First, the defendant "must make an initial prima facie showing that the plaintiff's suit arises from an act in furtherance of the defendant's rights of petition or free speech." *Id.* at 1110 (quoting *Globetrotter Software, Inc. v. Elan Computer Group, Inc.,* 63 F.Supp.2d 1127 at 1129 (N.D.Cal.1999)). The defendant need not show that the plaintiff's suit was brought with the intention to chill the speech. *Id.* at 1110 Second, if the defendant makes this showing, the burden shifts to the plaintiff to demonstrate a probability of prevailing on the challenged claims. *Id.* at 1110 (quoting *Globetrotter,* 63 F.Supp.2d at 1129). If the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim, the motion to strike must be denied. *Id.* at 1110.

### III. Discussion

■ This Court first must determine whether Woods' speech was made in connection with a public issue. Clearly, the postings in question were not made before a legislative, executive or judicial proceeding and were not made in connection with an official proceeding. Thus, Woods' postings meet the threshold requirement of the anti-SLAPP statute only if they can be characterized as statements made in a place open to the public or a public forum in connection with an issue of public interest.

■ A web site that organizes chat rooms dedicated to discussion of a large, publicly-traded corporation is a "public forum" for purposes of CCP § 425.16. *ComputerXpress, Inc. v. Jackson,* 93 Cal. App.4[th] 993, 1006, 113 Cal.Rptr.2d 625. Because the Yahoo! MCSi Web site where Woods made the postings at issue was such a site, it follows that the postings were made in a public forum. As provided by the statute, however, Woods also must demonstrate that his postings were made "in connection with a public issue." Woods contends that his postings meet this criterion because Internet postings that criticize the management of a large corporation that are made on a shareholders' web site have been so characterized. *Global Telemedia Int'l, Inc. v. Doe,* 132 F.Supp.2d 1261, 1265–1266 (C.D.Cal.2001).[2] Woods also claims that unlike the postings of the moving party in *Globetrotter,* his postings were not "commercial speech by a competitor" because he was not acting on behalf of Whitlock. Finally, he argues that MCSi cannot demonstrate a probability of prevailing on the merits because much of its evidence is inadmissible.[3]

MCSi alleges in its First Amended Complaint that Whitlock planned to and did misappropriate Intellisys trade secrets and other confidential information and then used that information, as part of a concerted campaign to disparage Intellisys/MCSi, to lure away Intellisys/MCSi customers, employees and vendors. MCSi argues that Woods and other employees diverted assets and information, including key Intellysis customers, leads and suppliers for the benefit of Whitlock and for their own personal benefit as employees of Whitlock.

**2.** Notably, the defendants in *Global Telemedia* and *ComputerXpress* were not in plaintiff's business or in a competing business.

**3.** Woods has lodged 137 evidentiary objections to the ten declarations filed by MCSi in opposition to the instant motion. Because Woods has not made a threshold showing that his speech was subject to the anti-SLAPP statute, the Court declines to consider these objections.

**1034**

It also alleges that Woods' postings were an element of this larger calculated plan, asserting that "Woods' Internet postings are anti-competitive inducements directed to the market intended to encourage Intellisys' and MCSi's existing and potential customers, suppliers and investors to abandon Intellisys and MCSi in favor of Whitlock." Opposition, p. 15.

This Court held in *Globetrotter* that the statements of one company regarding a competitor company do not satisfy the "issue of public interest" requirement of the anti-SLAPP statute. *Globetrotter*, 63 F.Supp.2d 1127 at 1130. The most reasonable characterization of Woods's postings in this case is speech by a competitor about a competitor. Woods is an employee of Whitlock. The postings at issue were made from Woods' Whitlock office computer and for the most part were made during standard business hours. Moreover, MCSi alleges specifically that Whitlock senior executives were aware that Woods was making the allegedly defamatory postings and encouraged the misbehavior.

As commercial speech, Woods' postings are not a matter of public interest. Woods thus has failed to make a threshold showing that the challenged causes of action arise from protected activity. Accordingly, the Court need not determine whether Woods has met the other requirements of the statute or whether MCSi has established a probability of prevailing on the merits.

### IV. ORDER

Good cause therefore appearing, IT IS HEREBY ORDERED that the Special Motion to Strike is DENIED.