**In re Abdoulaye BAH, Debtor.**

**Philip Restaino; Georgette Restaino, Appellants,**

v.

**Abdoulaye Bah, Appellee.**

**BAP No. CC–03–1636–MOPB.**
**Bankruptcy No. LA02–42222–SB.**
**Adversary No. LA03–01438–SB.**

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Argued and Submitted Oct. 20, 2004.

Filed Jan. 21, 2005.

---

the plaintiff's claims were barred by California's statutory litigation privilege and by the doctrine of collateral estoppel (issue preclusion) and res judicata (claim preclusion). In the same motion, the defendants also moved the bankruptcy court to strike the claims against them under California Code of Civil Procedure section 425.16,[2] California's statute against "Strategic Lawsuits Against Public Participation," commonly known and referred to herein as the "anti-SLAPP statute." The bankruptcy court denied the request to dismiss the adversary proceeding under FRCP 12(b)(6) and also denied the request to strike the action under the anti-SLAPP statute. By a memorandum (not for publication) issued concurrently with this opinion, we affirm the bankruptcy court's decision on the issues of litigation privilege, issue preclusion and claim preclusion. In this opinion, we reverse the bankruptcy court's conclusion that the anti-SLAPP statute is inapplicable in bankruptcy court and we publish because the anti-SLAPP issue is one of first impression in bankruptcy courts.[3]

Bryan D. Sampson, Sampson & Associates, San Diego, CA, for Philip and Georgette Restaino.

Gail Gilfillan, Fuchs & Associates, Los Angeles, CA, for Abdoulaye Bah.

Before: MONTALI, PERRIS and BRANDT, Bankruptcy Judges.

## OPINION

MONTALI, Bankruptcy Judge.

Defendants moved for dismissal of an adversary proceeding under Federal Rule of Bankruptcy Procedure 7012 (incorporating Federal Rule of Civil Procedure 12(b)(6)) ("FRCP 12(b)(6)")[1], arguing that

## I.

### FACTS

Appellants Philip and Georgette Raistano ("Appellants") sued Appellee Abdoulaye Bah ("Debtor") in state court in 2001. After participating in a court-ordered mediation, Debtor and Appellants (and other parties) reached a settlement. Appellants,

**1.** Unless otherwise indicated, all chapter, section and rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1330 and the Federal Rules of Bankruptcy Procedure, Rules 1001–9036.

**2.** We are not publishing the memorandum dealing with those issues because, unlike the anti-SLAPP issue, they are not issues of first impression and because the factual background is very detailed, complicated, unique

to this case, and not necessary for resolution of the legal issue addressed in this opinion.

**3.** We have been able to locate only one bankruptcy case that even mentions an anti-SLAPP statute: *In re 110 Beaver St. P'ship*, 244 B.R. 185, 189 (Bankr.D.Mass.2000). In that case, the court refused to approve a compromise of claims arising under, *inter alia*, the Massachusetts anti-SLAPP statute.

alleging that Debtor breached the settlement agreement, thereafter requested the state court to enter a judgment against Debtor. Debtor opposed Appellants' request for entry of judgment. Before any judgment was entered, Debtor filed a chapter 11 case. He then commenced an adversary proceeding against Appellants and others for intentional misrepresentation, to determine the nature, extent and validity of liens, for turnover of property of the estate, for turnover of property of the estate held by a custodian, for declaratory relief, for breach of fiduciary duty and for conspiracy to defraud.

Appellants filed a motion to dismiss the claims against them (the "AP Motion"). Appellants argued that Debtor had failed to state a claim upon which relief could be granted under Rule 7012 and FRCP 12(b)(6), because the claims against them were barred by issue and claim preclusion and by the statutory litigation privilege set forth in California Civil Code section 47(b). Alternatively, Appellants moved the bankruptcy court to strike the claims against them under California's anti-SLAPP statute.

At a hearing, the bankruptcy court announced that it was denying the AP Motion. The court denied the request to strike the adversary proceeding under the anti-SLAPP statute because the adversary proceeding involved federal bankruptcy questions; the court held that the anti-SLAPP statute is inapplicable in bankruptcy cases, even with respect to pendent state law claims.

Appellants filed a premature notice of appeal which became effective under Rule 8002(a) when the bankruptcy court entered its order denying the AP Motion on March 8, 2004. We subsequently issued an "Order re Finality" noting that the denial of the portion of the AP Motion requesting that the adversary proceeding be stricken as a SLAPP suit is immediately reviewable under the collateral order doctrine, citing *Batzel v. Smith*, 333 F.3d 1018 (9th Cir. 2003).

## II.

### ISSUE

Is California's anti-SLAPP statute applicable in bankruptcy cases involving both federal questions and pendent state law claims?

## III.

### STANDARD OF REVIEW

■ A decision to grant or deny an anti-SLAPP motion is reviewed de novo. *Vess v. Ciba–Geigy Corp.*, 317 F.3d 1097, 1102 (9th Cir.2003) ("We review the granting of defendants' motion to strike under the anti-SLAPP statute de novo."); *Lam v. Ngo*, 91 Cal.App.4th 832, 111 Cal.Rptr.2d 582, 592 (2001) ("[D]enials of anti-SLAPP suit motions are reviewed de novo by appellate courts.").

## IV.

### DISCUSSION

■ California and a number of other states have enacted anti-SLAPP statutes.[4] California's anti-SLAPP statute, California Code of Civil Procedure section 425.16, "was enacted in order to provide for the early dismissal of meritless suits aimed at chilling the valid exercise of the constitu-

---

4. For a list of states that have enacted anti-SLAPP statutes, *see* Paul D. Wilson, *Of Sexy Phone Calls and Well–Aimed Golf Balls: Anti–SLAPP Statutes in Recent Land–Use Damages Litigation*, 36 Urban Lawyer 375 n. 1 (2004); *see also* Michael Eric Johnston, *A Better SLAPP Trap: Washington State's Enhanced Statutory Protection for Targets of "Strategic Lawsuits Against Public Participation"*, 38 Gonz. L.Rev. 263, 276 (2002–2003).

tional rights of freedom of speech and petition for the redress of grievances." *Globetrotter Software, Inc. v. Elan Computer Group, Inc.*, 63 F.Supp.2d 1127, 1128 (N.D.Cal.1999); *see also Batzel*, 333 F.3d at 1023–24 ("California law provides for pre-trial dismissal of 'SLAPPs' . . . [which are] lawsuits that 'masquerade as ordinary lawsuits' but are brought to deter common citizens from exercising their political or legal rights or to punish them for doing so.") (citations omitted). The statute provides that a "cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States or California Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim." Cal.Code Civ. Pro. § 425.16(b)(1).[5]

Appellants contend that Debtor filed the adversary proceeding in retaliation for Appellants' exercise of free speech or petition (i.e., filing the state court lawsuit and filing the motion for entry of judgment). Therefore, according to Appellants, California's anti-SLAPP statute requires dismissal of the claims against Appellants and imposition of sanctions against Debtor.

 The bankruptcy court disagreed, holding that the anti-SLAPP statute does not apply to bankruptcy actions involving federal questions, even when such lawsuits include pendent state law claims. We agree that the anti-SLAPP statute does not apply with respect to causes of action arising under the Bankruptcy Code, but disagree that pendent state claims are likewise immune from application of the statute.

In *United States v. Lockheed Missiles & Space Co.*, 190 F.3d 963 (9th Cir.1999), the Ninth Circuit held that California's anti-SLAPP remedy applies to diversity actions in federal court, inasmuch as the parties had not identified "any federal interests that would be undermined by application of the anti-SLAPP provisions." Id. at 973; *see also Batzel*, 333 F.3d at 1025–26 ("Because California law recognizes the protection of the anti-SLAPP statute as a substantive immunity from suit, this Court, sitting in diversity, will do so as well."), *citing generally Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938).[6]

---

5. The California Legislature enacted the anti-SLAPP statute in response to a "disturbing increase" in lawsuits being used to harass individuals for exercising their constitutional right of freedom of speech (*see* Cal.Civ.Proc. Code § 425.16(a)), even though the plaintiff is not attempting to vindicate a legally cognizable right. For an excellent discussion of the statute's history, the policies underlying it, and its operation, *see Rogers v. Home Shopping Network, Inc.*, 57 F.Supp.2d 973, 974–77 (C.D.Cal.1999).

6. Even though the Ninth Circuit has held that the anti-SLAPP statute can be invoked in diversity cases, it and other California federal courts have procedurally limited its application. Specifically, if a defendant makes a motion to strike under the anti-SLAPP statute based on a failure of proof or evidence, the motion must be treated as though it is a motion for summary judgment and discovery must be "developed sufficiently to permit summary judgment under Rule 56." *Rogers*, 57 F.Supp.2d at 982. The Ninth Circuit agreed with the reasoning of *Rogers* and adopted this rule in *Metabolife Int'l, Inc. v. Wornick*, 264 F.3d 832, 846 (9th Cir.2001). Similarly, if an anti-SLAPP motion to strike is based on the legal deficiencies of the complaint, a federal court "must decide the motion in a manner that complies with the standards set by Federal Rules 8 and 12." *Rogers*, 57 F.Supp.2d at 982. In other words, the court must read the complaint broadly, take all well-pleaded allegations as true, and dismiss with leave to amend. *Id.* "Standards that put a more onerous burden on the nonmoving party would conflict with

While the Ninth Circuit has held that the anti-SLAPP statute applies in diversity actions (with the limitations noted supra in footnote 6), it has not decided whether it applies in cases involving federal question jurisdiction. It did indicate in *Lockheed*, however, that the statute may not be applicable where federal interests would be "undermined." *Lockheed*, 190 F.3d at 973.

We have located only one case in which a court has addressed the issue of whether the anti-SLAPP statute applies in federal question cases with pendent state law claims. In *Globetrotter*, 63 F.Supp.2d at 1129–30, the court held that the anti-SLAPP statute was not applicable to federal questions, but could be applicable to pendent state law claims. We agree with this holding.

Like the *Globetrotter* court, we do not believe that the anti-SLAPP statute may be applied to federal causes of action. As noted by the *Ninth Circuit in MSR Exploration, Ltd. v. Meridian Oil, Inc.*, 74 F.3d 910, 914 (9th Cir.1996): "It is very unlikely that Congress intended to permit the superimposition of state remedies [such as claims for malicious prosecution] on the many activities that might be undertaken in the management of the bankruptcy process." *Id.* The *MSR Exploration* court therefore held that a chapter 11 debtor's action for malicious prosecution based on a creditor's actions in bankruptcy court was preempted entirely by the Bankruptcy Code. "In short, the highly complex laws needed to constitute the bankruptcy courts and regulate the rights of debtors and creditors also underscore the need to jealously guard the bankruptcy process from even slight incursions and disruptions brought about by state malicious prosecution actions." *MSR Exploration*, 74 F.3d at 914.

■ In other words, the Ninth Circuit has decided that application of state laws that grant relief for procedural abuses can undermine application of the Bankruptcy Code. Superimposition of the anti-SLAPP statute, which is not dissimilar to the state law claim of malicious prosecution, on traditional bankruptcy causes of action could "gravely affect the already complicated processes of the bankruptcy court." *Id.* We therefore agree with the *Globetrotter* court that the anti-SLAPP statute may not be applied to matters involving federal questions, particularly those involving federal questions of bankruptcy law.

That said, we also agree with the *Globetrotter* court that application of the anti-SLAPP statute to pendent state law claims is appropriate. *Globetrotter*, 63 F.Supp.2d at 1129–30. Important substantive state interests—the protection of citizens' constitutional rights of freedom of speech and petition for the redress of grievances—are furthered by the anti-SLAPP statute and application of the statute to state law claims would not undermine federal interests. *Id.* Debtor invoked state law remedies in bankruptcy court which he could have (but did not) raised in state court. No reason exists to deny Appellants a state law remedy which they could have asserted against Debtor's state law claims in state court. Under *Lockheed*, therefore, application of the anti-SLAPP statute to pendent state law claims is appropriate. *Id.* Thus the bankruptcy court's statement to the effect that anti-SLAPP remedies are not available in federal court was erroneous.

■ In light of this holding, we are remanding this matter to bankruptcy court for a determination of which claims of

---

Rules 8 and 12. Therefore, they cannot apply in federal court." *Id.* at 982–83.

Debtor are pendent[7] state law claims and whether such pendent state law claims are subject to dismissal under the anti-SLAPP statute. If necessary, the court should first afford an opportunity for discovery to proceed as required by *Metabolife* and *Rogers* (as discussed in footnote 6, supra). In other words, the bankruptcy court must determine whether the pendent state law claims satisfy both prongs of the anti-SLAPP statute: (1) that the claims arise from protected speech or petitioning[8] and (2) that the claims lack minimal merit.[9]

*Navellier v. Sletten,* 29 Cal.4th 82, 124 Cal.Rptr.2d 530, 536, 52 P.3d 703 (2002).[10]

## V.

## CONCLUSION

While we agree with the bankruptcy court that the anti-SLAPP statute is inapplicable to federal claims, we disagree that it is inapplicable to pendent state law claims. We therefore REVERSE that aspect of the court's order and REMAND for a determination of which claims constitute pendent state law claims and, of those,

7. Based on our examination of the first amended complaint, it appears that the claims area mixture of pendent state law claims and claims under the Bankruptcy Code. It is the province of the bankruptcy court, in the first instance, to sort out which claims are pendent state law claims.

8. As noted by the Ninth Circuit in *Batzel,* a defendant making an anti-SLAPP motion "is required to make a prima facie showing that the plaintiff's suit arises from an act the defendant made in connection with a public issue in furtherance of the defendant's right to free speech under the United States or California Constitution." *Batzel,* 333 F.3d at 1024.

9. If Appellants are able to demonstrate that Debtor's adversary proceeding was filed in retaliation to their exercise of free speech on a public issue, the burden will shift to Debtor "to establish a reasonable probability that [he] will prevail" on his claims against Appellants in the adversary proceeding. *Batzel,* 333 F.3d at 1024. "To do this, the plaintiff must demonstrate that 'the complaint is legally sufficient and supported by a prima facie showing of facts to sustain a favorable judgment if the evidence submitted by the plaintiff is credited.'" *Metabolife,* 264 F.3d at 840 (citations omitted). "This burden is 'much like that used in determining a motion for nonsuit or directed verdict,' which mandates dismissal when 'no reasonable jury' could find for the plaintiff." *Id.* (citations omitted). To the extent the motion to strike under the

anti-SLAPP statute is based on legal (as opposed to evidentiary) deficiencies, a federal court should heed the admonishments in *Rogers* not to disturb the allocation of burdens on plaintiffs set forth in Federal Rules of Civil Procedures 8 and 12. *See* discussion in footnote 6, *supra.*

10. Debtor argues on appeal that Appellants have not demonstrated that the first prong has been satisfied. Based on the first amended complaint as currently drafted, we cannot reach this conclusion. The first amended complaint is so lengthy, verbose, and filled with extraneous details that we cannot ascertain whether or not the pendent state law causes of action are based on the Appellants' protected free speech. *See Navellier,* 124 Cal. Rptr.2d at 536, 52 P.3d 703 (the mere fact that an action was filed after protected activity occurred does not mean the action arose from that activity for the purposes of the anti-SLAPP statute; a cause of action triggered by protected activity "does not [mean] it is one arising from such"; the "critical consideration is whether the cause of action is *based on* the defendant's protected free speech or petitioning activity") (emphasis in original). In *Navellier,* the California Supreme Court held that an action against a party who filed a counterclaim on claims he had released by an earlier settlement could be attacked as a SLAPP because it was based on the defendant's act in filing the counterclaim. This holding appears contrary to Debtor's claim that the first element of the anti-SLAPP statute has not been satisfied here.

48

which claims satisfy both prongs of the anti-SLAPP statute.